**FARNESE P.C.**
Peter J. Farnese (SBN 251204)
pjf@farneselaw.com
2555 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone: 310-356-4668
Facsimile: 310-388-1232

Attorneys for Defendant,
Apex Advising LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLE BROWNLEE, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>APEX ADVISING LLC; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No. 4:26-cv-05866-KAW<br><br>**DEFENDANT APEX ADVISING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Removal Filed: June 16, 2026 |

FARNESE P.C.

.

DEFENDANT'S ANSWER TO CLASS COMPLAINT

Defendant Apex Advising LLC ("Apex" or "Defendant") hereby answers the Class Complaint ("Complaint") filed by plaintiff Gayle Brownlee ("Plaintiff") as follows. Except as expressly admitted below, Apex denies each and every allegation contained in the Complaint, including all allegations contained in headings, subheadings, footnotes, and the Prayer for Relief. Apex's responses are made on its present knowledge, information, and belief, and Apex reserves the right to amend or supplement this Answer[1].

## I.    RESPONSES TO THE ALLEGATIONS OF THE COMPLAINT

**Responses to the Allegations Under "Nature of the Action," "Parties," and "Venue and Jurisdiction" (Paragraphs 1–8)**

### NATURE OF THE ACTION

1.    Answering Paragraph 1, Apex admits that it owns and operates the website https://www.apexcreditfix.com (the "Website"). Except as expressly admitted, the allegations of Paragraph 1 are denied.

2.    The allegations of Paragraph 2 are denied.

3.    Paragraph 3 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 3 are denied.

4.    Paragraph 4 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 4 are denied.

5.    Paragraph 5 characterizes the relief Plaintiff seeks and requires no response. To the extent a response is required, Apex denies that Plaintiff or any putative class member is entitled to any relief.

### PARTIES

---

[1]    The Complaint contains two separately numbered sequences of paragraphs: a first sequence numbered 1 through 8 appearing under the headings "Nature of the Action," "Parties," and "Venue and Jurisdiction," and a second sequence beginning anew at paragraph 1 under the heading "I. Introduction" and continuing consecutively through paragraph 170. Apex responds to each numbered paragraph of both sequences separately below, organized under subheadings identifying the corresponding portion of the Complaint.

6.      Apex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 concerning Plaintiff's residence, citizenship, intent, or location, and on that basis denies them.

7.      Answering Paragraph 7, Apex admits that it is a limited liability company organized under the laws of the State of Florida with its principal place of business in Jersey City, New Jersey. Except as expressly admitted, the allegations of Paragraph 7 are denied.

## VENUE AND JURISDICTION

8.      Paragraph 8 states legal conclusions regarding jurisdiction, venue, and the amount in controversy, to which no response is required. To the extent a response is required, the allegations of Paragraph 8 are denied. Apex further states that this action has been removed to the United States District Court for the Northern District of California.

**Responses to the Allegations Under "Introduction" Through the Causes of Action (Paragraphs 1–170)**

## I. INTRODUCTION

**A. The California Invasion of Privacy Act**

1.      Paragraph 1 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 1 are denied.

2.      Paragraph 2 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 2 are denied.

3.      Paragraph 3 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 3 are denied.

**B. The Federal Wiretap Act**

4.      Paragraph 4 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 4 are denied.

DEFENDANT'S ANSWER TO CLASS COMPLAINT

FARNESE P.C.

5.    Paragraph 5 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 5 are denied.

6.    Paragraph 6 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 6 are denied.

## II. DEFENDANT ILLEGALLY INTERCEPTS THE CONTENTS OF ELECTRONIC AND WIRE COMMUNICATIONS AND ILLEGALLY CAPTURES IDENTIFYING INFORMATION

### A. Overview of Website Tracking Technology

7.    Paragraph 7 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

8.    Paragraph 8 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

### i. Cookies

9.    Paragraph 9 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

10.    Paragraph 10 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the

FARNESE P.C.

-3-

DEFENDANT'S ANSWER TO CLASS COMPLAINT

allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

11.     Paragraph 11 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

**ii. Pixels**

12.     Paragraph 12 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

13.     Paragraph 13 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

14.     Paragraph 14 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

**iii. Device fingerprinting**

15.     Paragraph 15 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices,

FARNESE P.C.

or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

16. Paragraph 16 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

17. Paragraph 17 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

18. Paragraph 18 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

19. Paragraph 19 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

20. Paragraph 20 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

**iv. IP Addresses**

FARNESE P.C.

DEFENDANT'S ANSWER TO CLASS COMPLAINT

21. Paragraph 21 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

22. Paragraph 22 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

23. Paragraph 23 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

24. Paragraph 24 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

25. Paragraph 25 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

26. Paragraph 26 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices,

FARNESE P.C.

or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

27.     Paragraph 27 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

28.     Paragraph 28 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

29.     Paragraph 29 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

30.     Paragraph 30 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

31.     Paragraph 31 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

32.     Paragraph 32 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

33.     Paragraph 33 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

34.     Paragraph 34 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

35.     Paragraph 35 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

36.     Paragraph 36 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

37.     Paragraph 37 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices,

or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

**v. Session recording**

38.     Paragraph 38 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

39.     Paragraph 39 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

40.     Paragraph 40 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

41.     Paragraph 41 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

42.     Paragraph 42 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

FARNESE P.C.

DEFENDANT'S ANSWER TO CLASS COMPLAINT

**B. Tracking Technology on Defendant's Website**

43.    Apex denies the allegations of Paragraph 43 as characterized, including that Apex "actively shared" any user data with Meta, Google, Hotjar Ltd., Microsoft, TikTok, AdRoll, LinkedIn, or any other third party, or that any tool or script on the Website intercepted, collected, transmitted, or disclosed the contents of any communication, as alleged.

44.    Apex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, the entirety of which is based on purported "forensic testing," including whether any such testing was performed, by whom, or what it purportedly confirmed, and on that basis denies them.

**i. Session Recorders**

45.    Apex denies the allegations of Paragraph 45 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

46.    Apex denies the allegations of Paragraph 46 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

47.    Apex denies the allegations of Paragraph 47 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

**ii. Google Tracking Technology**

48.    Paragraph 48 concerns Google's business and advertising revenues, as to which Apex lacks knowledge or information sufficient to form a belief and on that basis denies them; the allegations are otherwise denied as to Apex.

49.    Apex denies the allegations of Paragraph 49 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology

intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

50. The allegations of Paragraph 50 are denied as to Apex; to the extent they concern Google's practices, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

51. Apex denies the allegations of Paragraph 51 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

52. The allegations of Paragraph 52 are denied as to Apex; to the extent they concern Google's practices, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

**iii. Meta/Facebook Pixel Tracking Technology**

53. Paragraph 53 purports to describe Facebook's and Meta's products and services, as to which Apex lacks knowledge or information sufficient to form a belief and on that basis denies them; the allegations are otherwise denied as to Apex.

54. Apex denies the allegations of Paragraph 54 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

55. The allegations of Paragraph 55 are denied as to Apex; to the extent they concern Meta's or Facebook's practices, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

56. Paragraph 56 purports to quote a statement of a third party, the content of which speaks for itself; Apex lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

**iv. Advertising Networks**

FARNESE P.C.

.

-11-
DEFENDANT'S ANSWER TO CLASS COMPLAINT

57. Paragraph 57 purports to describe general internet technologies and/or the practices of third parties, is not directed to any specific conduct of Apex, and requires no response. To the extent the allegations are directed at Apex, they are denied; to the extent they concern the technologies, practices, or business of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

58. Apex denies the allegations of Paragraph 58 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

59. The allegations of Paragraph 59 are denied as to Apex; to the extent they concern the practices of advertising networks, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

**v. Canvas Fingerprinting**

60. Apex denies the allegations of Paragraph 60 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

61. Apex denies the allegations of Paragraph 61 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

62. Apex denies the allegations of Paragraph 62 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

**C. Defendant Aided and Abetted Third-Party Interception by Installing and Using Trackers on the Website to Collect Plaintiff's and Class Members' Communications Without Consent or Court Order**

63. Paragraph 63 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 63 are denied.

64. Paragraph 64 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 64 are denied.

65. Answering Paragraph 65, Apex admits that it owns and operates the Website, which provides users with access to information regarding credit-repair-related services. Except as expressly admitted, the allegations of Paragraph 65 are denied.

66. Apex denies the allegations of Paragraph 66 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

67. Apex denies the allegations of Paragraph 67 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

68. Apex denies the allegations of Paragraph 68 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

69. The allegations of Paragraph 69 are denied as to Apex; to the extent they concern the conduct of third parties, Apex lacks knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

70. Apex denies the allegations of Paragraph 70 as characterized, including that any consent was required of or lacking from Apex. Apex admits that it did not obtain a court order, denies that any court order was required, and except as expressly admitted, denies the allegations of Paragraph 70.

71. Apex denies the allegations of Paragraph 71 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

72. Paragraph 72 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 72 are denied.

73. Paragraph 73 states legal conclusions to which no response is required and refers to an entity identified as "United," which is not a party to this action and as to which Apex lacks knowledge or information sufficient to form a belief. To the extent a response is required, the allegations of Paragraph 73 are denied.

**D. Defendant's Conduct Constitutes an Unauthorized Interception of the Contents of Communications under CIPA and the ECPA**

74. Paragraph 74 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 74 are denied.

75. Paragraph 75 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 75 are denied.

76. Paragraph 76 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 76 are denied.

77. Paragraph 77 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 77 are denied.

**E. Defendant's Conduct Constitutes an Illegal Pen Register and Trap and Trace Device Under CIPA**

78. Paragraph 78 states legal conclusions and purports to characterize statutes, legislative

FARNESE P.C.

history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 78 are denied.

79.    Paragraph 79 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 79 are denied.

80.    Paragraph 80 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 80 are denied.

81.    Paragraph 81 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 81 are denied.

82.    Paragraph 82 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 82 are denied.

83.    Paragraph 83 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 83 are denied.

84.    Apex denies the allegations of Paragraph 84 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

85.    Paragraph 85 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 85 are denied.

86.    Paragraph 86 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 86 are denied.

87. Paragraph 87 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 87 are denied.

**F. Defendant's Conduct Constitutes an Invasion of Plaintiff's and Class Members' Privacy**

88. The allegations of Paragraph 88 are denied.

89. The allegations of Paragraph 89 are denied.

### III. PLAINTIFF'S AND THE CLASS MEMBERS' EXPERIENCES

90. Apex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 concerning Plaintiff's alleged visit to the Website, including whether it occurred and its alleged timing, manner, or purpose, and on that basis denies them.

91. The allegations of Paragraph 91 are denied.

92. Apex denies the allegations of Paragraph 92 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

93. Apex denies the allegations of Paragraph 93 as characterized, including that the Website employed any unlawful "Tracker," "pen register," or "trap and trace device," that any technology intercepted, read, recorded, or disclosed the contents of any communication, or that any information was collected, used, or disclosed without consent, as alleged.

94. Apex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 concerning advertising or text messages Plaintiff claims to have received, and on that basis denies them. Apex specifically denies that it caused any such advertising or messages.

95. The allegations of Paragraph 95 are denied.

96. Answering Paragraph 96, Apex admits that it did not obtain a court order, denies that any court order was required, and except as expressly admitted, denies the allegations of Paragraph 96.

97. The allegations of Paragraph 97 are denied.

FARNESE P.C.

-16-
DEFENDANT'S ANSWER TO CLASS COMPLAINT

98.    Paragraph 98 characterizes the relief Plaintiff seeks and requires no response. To the extent a response is required, Apex denies that Plaintiff or any putative class member is entitled to any relief.

## CLASS ACTION ALLEGATIONS

99.    Paragraph 99 sets forth Plaintiff's proposed class definitions, to which no response is required. To the extent a response is required, Apex denies that any class or subclass is proper, ascertainable, or certifiable, and denies the remaining allegations of Paragraph 99.

100.    Paragraph 100 sets forth Plaintiff's proposed class exclusions and a disclaimer, to which no response is required. To the extent a response is required, the allegations of Paragraph 100 are denied.

101.    The allegations of Paragraph 101 are denied. Apex specifically denies that this action may be maintained as a class action or that Plaintiff can satisfy any requirement for class certification, including numerosity, commonality, typicality, adequacy, predominance, superiority, or ascertainability.

102.    The allegations of Paragraph 102 are denied. Apex specifically denies that this action may be maintained as a class action or that Plaintiff can satisfy any requirement for class certification, including numerosity, commonality, typicality, adequacy, predominance, superiority, or ascertainability.

103.    The allegations of Paragraph 103, including each of its enumerated subparts (a) through (i), are denied, and Apex specifically denies that common questions of law or fact exist or predominate or that this action may be maintained as a class action.

104.    The allegations of Paragraph 104 are denied. Apex specifically denies that this action may be maintained as a class action or that Plaintiff can satisfy any requirement for class certification, including numerosity, commonality, typicality, adequacy, predominance, superiority, or ascertainability.

105.    The allegations of Paragraph 105 are denied. Apex specifically denies that this action may be maintained as a class action or that Plaintiff can satisfy any requirement for class certification, including numerosity, commonality, typicality, adequacy, predominance, superiority, or ascertainability.

106.    The allegations of Paragraph 106 are denied, and Apex denies that any class may properly be certified or noticed.

107. The allegations of Paragraph 107 are denied. Apex specifically denies that this action may be maintained as a class action or that Plaintiff can satisfy any requirement for class certification, including numerosity, commonality, typicality, adequacy, predominance, superiority, or ascertainability.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of the California Invasion of Privacy Act, Cal. Penal Code § 630, et seq. (California Subclass Only)**

108. Apex incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 109 are denied.

110. Paragraph 110 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 110 are denied.

111. Paragraph 111 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 111 are denied.

112. Paragraph 112 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 112 are denied.

113. The allegations of Paragraph 113 are denied.

114. Paragraph 114 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 114 are denied.

115. Paragraph 115 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 115 are denied.

116. The allegations of Paragraph 116 are denied.

117.    The allegations of Paragraph 117 are denied.

118.    The allegations of Paragraph 118 are denied.

119.    Answering Paragraph 119, Apex admits that it did not obtain a court order, denies that any court order was required, and except as expressly admitted, denies the allegations of Paragraph 119.

120.    The allegations of Paragraph 120 are denied, including without limitation that Plaintiff or any putative class member has been injured or is entitled to injunctive relief or to statutory damages of $5,000 or any other amount.

## SECOND CAUSE OF ACTION

## Violation of the Wiretap Act, Title I of the Electronic Communications Privacy Act ("ECPA")

## (18 U.S.C. § 2510, et seq.)

121.    Apex incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

122.    Paragraph 122 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 122 are denied.

123.    Paragraph 123 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 123 are denied.

124.    Paragraph 124 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 124 are denied.

125.    Paragraph 125 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 125 are denied.

126.    Answering Paragraph 126, Apex admits that 18 U.S.C. § 2510(6) defines the term "person" as set forth in the statute; Apex lacks knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff and on that basis denies them; the paragraph otherwise states legal conclusions to which no response is required.

FARNESE P.C.

127. The allegations of Paragraph 127 are denied. Apex states that it is a limited liability company, not a corporation. Apex admits only that it is a "person" within the meaning of 18 U.S.C. § 2510(6); except as expressly admitted, the allegations of Paragraph 127 are denied.

128. The allegations of Paragraph 128 are denied.

129. The allegations of Paragraph 129 are denied.

130. The allegations of Paragraph 130 are denied.

131. The allegations of Paragraph 131 are denied.

132. The allegations of Paragraph 132 are denied, including without limitation that Plaintiff has been damaged or is entitled to any damages, statutory damages, attorneys' fees, or costs in any amount.

## THIRD CAUSE OF ACTION

## Violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502

## (California Subclass Only)

133. Apex incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

134. Paragraph 134 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 134 are denied.

135. Paragraph 135 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 135 are denied.

136. Paragraph 136 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 136 are denied.

137. Paragraph 137 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 137 are denied.

FARNESE P.C.

-20-
DEFENDANT'S ANSWER TO CLASS COMPLAINT

138.    Paragraph 138 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 138 are denied.

139.    Paragraph 139 states legal conclusions and purports to apply statutory definitions, to which no response is required. To the extent a response is required, the allegations of Paragraph 139 are denied.

140.    Paragraph 140 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 140 are denied.

141.    Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 141 are denied.

142.    Paragraph 142 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 142 are denied.

143.    Paragraph 143 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 143 are denied.

144.    Paragraph 144 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 144 are denied.

145.    Paragraph 145 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 145 are denied.

146.    The allegations of Paragraph 146 are denied.

147.    The allegations of Paragraph 147 are denied.

148.    The allegations of Paragraph 148 are denied.

149.    The allegations of Paragraph 149 are denied.

FARNESE P.C.

.

DEFENDANT'S ANSWER TO CLASS COMPLAINT

150. Apex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 concerning Plaintiff's and the putative class members' citizenship and use of computers, and on that basis denies them. Apex specifically denies that it accessed or caused to be accessed any data or information of Plaintiff or any putative class member.

151. The allegations of Paragraph 151 are denied.

152. The allegations of Paragraph 152 are denied.

153. The allegations of Paragraph 153 are denied.

### FOURTH CAUSE OF ACTION

**Invasion of Privacy (Violation of Art. 1, § 1, California Constitution) (California Subclass Only)**

154. Apex incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

155. Paragraph 155 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 155 are denied.

156. Paragraph 156 states legal conclusions and purports to characterize statutes, legislative history, and/or case law, the contents of which speak for themselves and to which no response is required. To the extent a response is required, the allegations of Paragraph 156 are denied.

157. The allegations of Paragraph 157 are denied.

158. The allegations of Paragraph 158 are denied.

159. The allegations of Paragraph 159 are denied.

160. The allegations of Paragraph 160 are denied.

161. The allegations of Paragraph 161 are denied.

162. Paragraph 162 characterizes the relief Plaintiff seeks and requires no response. To the extent a response is required, Apex denies that Plaintiff or any putative class member is entitled to any relief.

163. Paragraph 163 characterizes the relief Plaintiff seeks and requires no response. To the extent a response is required, Apex denies that Plaintiff or any putative class member is entitled to any relief.

FARNESE P.C.

DEFENDANT'S ANSWER TO CLASS COMPLAINT

## FIFTH CAUSE OF ACTION

**Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.**

164. Apex incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

165. The allegations of Paragraph 165, including each of its enumerated subparts (a) through (d), are denied, and Apex specifically denies that it engaged in any unlawful, unfair, or fraudulent business act or practice within the meaning of the Unfair Competition Law.

166. The allegations of Paragraph 166 are denied.

167. The allegations of Paragraph 167 are denied, including without limitation that Plaintiff lost money or property as a result of any act or practice of Apex.

168. The allegations of Paragraph 168 are denied.

169. Paragraph 169 characterizes the relief Plaintiff seeks and requires no response. To the extent a response is required, Apex denies that Plaintiff or any putative class member is entitled to any relief.

## DEMAND FOR JURY TRIAL

170. Paragraph 170 sets forth Plaintiff's jury demand, to which no response is required.

In response to the Prayer for Relief: The Prayer for Relief requires no response. To the extent a response is required, Apex denies that Plaintiff or any putative class member is entitled to any of the relief requested therein, or to any relief whatsoever.

## II.    AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Apex asserts the following defenses. Apex reserves the right to assert additional defenses as they become known through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

FARNESE P.C.

.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff and the putative class members lack standing, including Article III standing, because they have not suffered any injury in fact that is concrete, particularized, actual, or imminent; Plaintiff is not a person "injured" within the meaning of California Penal Code section 637.2(a) and lacks statutory standing under 18 U.S.C. § 2520; and any alleged injury was manufactured by Plaintiff's own deliberate conduct undertaken for purposes of litigation rather than as a bona fide consumer.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over Apex. Apex expressly preserves, and does not waive, this defense pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(h)(1).

## FOURTH AFFIRMATIVE DEFENSE

### (Insufficient Process and Insufficient Service of Process)

Process and service of process were insufficient, including because the summons identified service on behalf of an entity pursuant to California Code of Civil Procedure section 416.10, which governs corporations, and because the manner of attempted substituted service did not comply with applicable law. Apex expressly preserves, and does not waive, these defenses pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(h)(1).

## FIFTH AFFIRMATIVE DEFENSE

### (Consent, Authorization, and Disclosure)

The claims are barred, in whole or in part, because Plaintiff and the putative class members consented to, authorized, or otherwise permitted some or all of the conduct alleged, whether expressly, impliedly, or through disclosures, permissions, settings, or interactions applicable to the Website, browser, device, or third-party services used during the relevant period.

## SIXTH AFFIRMATIVE DEFENSE

### (Prior Knowledge; No Surreptitious Conduct)

The claims are barred, in whole or in part, because Plaintiff had actual knowledge that commercial websites commonly deploy third-party tracking technologies at the time of her alleged visit

-24-
DEFENDANT'S ANSWER TO CLASS COMPLAINT

FARNESE P.C.

to the Website, including because, on information and belief, Plaintiff was then already a plaintiff in at least one other lawsuit alleging website tracking, and any alleged acquisition of information therefore was not surreptitious as to her and she had no objectively reasonable expectation to the contrary.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Unauthorized Third-Party Interception; Party to the Communication)

The claims are barred, in whole or in part, because Apex was a party to the communications at issue, and any technology alleged to have operated on or through the Website did not constitute an unauthorized third-party interceptor of those communications. Apex further alleges that no actionable interception occurred within the meaning of the statutes invoked.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ordinary Course of Business; No Criminal or Tortious Purpose)

The claims are barred, in whole or in part, because any equipment or software alleged was used in the ordinary course of business within the meaning of 18 U.S.C. § 2510(5)(a), and because no communication was intercepted for the purpose of committing any criminal or tortious act, rendering the exception to one-party consent in 18 U.S.C. § 2511(2)(d) inapplicable.

## NINTH AFFIRMATIVE DEFENSE

### (Not a Pen Register or Trap and Trace Device)

The claims are barred, in whole or in part, because no "pen register" or "trap and trace device" within the meaning of California Penal Code section 638.50 was installed or used; construing those terms to encompass ordinary website analytics and advertising software would contradict the statutory text and purpose and produce absurd results.

## TENTH AFFIRMATIVE DEFENSE

### (Permissible Use Under Section 638.51(b))

In the alternative, even if any technology alleged were deemed a pen register or trap and trace device, its use was permissible under California Penal Code section 638.51(b), including because the consent of a user of the service was obtained and because any use related to the operation, maintenance, testing, or protection of the service.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

The claims are barred, in whole or in part, by the applicable statutes of limitations, including without limitation California Code of Civil Procedure sections 335.1, 338, and 340, California Business and Professions Code section 17208, and 18 U.S.C. § 2520(e).

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

The claims are barred, in whole or in part, because any conduct alleged was undertaken in good faith and in reasonable reliance on applicable law, industry practice, vendor representations, and the disclosures and consents in place, including within the meaning of 18 U.S.C. § 2520(d).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Manufactured Claim)

The claims are barred, in whole or in part, to the extent any alleged injury was voluntarily incurred by Plaintiff for the purpose of manufacturing a legal claim, including because, on information and belief, Plaintiff visited the Website for the purpose of creating a factual predicate for this lawsuit rather than as a bona fide consumer of credit-repair-related services.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands; In Pari Delicto)

The claims, and in particular the equitable claims, are barred by the doctrines of unclean hands and in pari delicto.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Reasonable Expectation of Privacy; No Serious or Egregious Invasion)

The claims are barred, in whole or in part, because Plaintiff and the putative class members had no objectively reasonable expectation of privacy in their interactions with a public commercial website or in the information allegedly collected, and any alleged intrusion was not highly offensive, sufficiently serious, or an egregious breach of social norms, and was justified by countervailing legitimate business interests.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for equitable relief, including restitution and injunctive relief under the Unfair Competition Law, are barred because Plaintiff has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Restitutionary Interest)

Plaintiff's claim for restitution is barred because Plaintiff did not pay any money to Apex and has no ownership interest in any money or property allegedly acquired by Apex.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Due Process and Excessive Fines Limitations on Statutory Damages)

An award of aggregated statutory damages as sought in the Complaint would be grossly disproportionate to any actual harm and would violate the Due Process Clauses of the United States and California Constitutions and the Excessive Fines Clause of the Eighth Amendment; in addition, any award of statutory damages under 18 U.S.C. § 2520 and California Penal Code section 637.2 is discretionary, and the Court should decline to award such damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Class Action Not Maintainable)

This action may not be maintained as a class action because, among other things, Plaintiff is not an adequate or typical class representative, common questions do not predominate, the proposed classes are not ascertainable, and a class action is not a superior method of adjudication.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Extraterritoriality)

The claims of putative class members who are not California residents, or whose claims arise from conduct occurring outside California, are barred because the California statutes and common-law doctrines invoked do not apply extraterritorially.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Defenses Applicable to Absent Class Members)

Apex asserts each of the foregoing defenses against every member of any class that may be

DEFENDANT'S ANSWER TO CLASS COMPLAINT

FARNESE P.C.

certified, and the individualized nature of those defenses precludes class treatment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Interception of Contents)

The claims are barred, in whole or in part, because no "contents" of any communication were intercepted within the meaning of 18 U.S.C. § 2510(8) or California Penal Code section 631; any information allegedly acquired consisted of record, addressing, or routing information rather than the substance, purport, or meaning of any communication.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Contemporaneous Interception)

The claims are barred, in whole or in part, because any information allegedly acquired was not intercepted contemporaneously with its transmission or while in transit, as required by the federal Wiretap Act and California Penal Code section 631.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Intent; No Scienter)

The claims are barred, in whole or in part, because Apex did not intentionally intercept, attempt to intercept, or procure any interception of any communication, and lacked the intent, willfulness, knowledge, or scienter required by the statutes invoked.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Third Parties; Causation)

Any alleged injury was caused, in whole or in part, by the independent acts or omissions of third parties over whom Apex had no control and for whose conduct Apex is not responsible, and Plaintiff has failed to plead or establish that any such third party acted as Apex's agent or that Apex's conduct was the proximate cause of any injury.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and the putative class members failed to mitigate their alleged damages, if any.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches, and Acquiescence)

The claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and acquiescence, including because Plaintiff and the putative class members used the internet with knowledge of widely publicized data practices and failed to exercise available opt-out and deletion rights.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Void for Vagueness; Rule of Lenity)

Because the California Invasion of Privacy Act is a penal statute, any ambiguity must be construed against liability under the rule of lenity, and the constructions of the statutes advanced by Plaintiff would render them unconstitutionally vague as applied, in violation of due process.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No UCL Standing)

Plaintiff lacks standing to pursue relief under California Business and Professions Code section 17200 because Plaintiff did not lose money or property as a result of any act or practice of Apex.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Apex presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as-yet-unstated defenses, and reserves the right to assert additional affirmative and other defenses that may become available or apparent through discovery or otherwise.

## III.     PRAYER FOR RELIEF

WHEREFORE, Apex prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint and that the Complaint be dismissed with prejudice;

2. That class certification be denied;

3. That judgment be entered in favor of Apex and against Plaintiff on each cause of action;

4. That Apex be awarded its costs of suit and attorneys' fees to the extent permitted by law; and

5. For such other and further relief as the Court deems just and proper.

-29-

FARNESE P.C.

DEFENDANT'S ANSWER TO CLASS COMPLAINT

## IV.    DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Apex demands a trial by jury on all issues so triable.

DATED: June 17, 2026                                    Respectfully submitted,


By:    /s/Peter J. Farnese
       Peter J. Farnese (SBN 251204)
       **FARNESE P.C.**
       2555 Townsgate Rd., Suite 200
       Westlake Village, CA 91361
       Tel: 310-356-4668
       Email: pjf@farneselaw.com

       Attorneys for Defendant,
       Apex Advising LLC

FARNESE P.C.

DEFENDANT'S ANSWER TO CLASS COMPLAINT